[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10876
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60259-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


RAMIRO BETANCUR-VALENCIA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 17, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ramiro Betancur-Valencia appeals the sentencing court's denial of a two-level reduction to his offense level under U.S.S.G. § 3B1.2(b)'s minor-role provision. We review the district court's denial of a minor-role reduction for clear error. *United States v. De Varon,* 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

A defendant must prove by a preponderance of the evidence that he is entitled to minor-role reduction. *Id.* at 939. When evaluating the propriety of a minor-role reduction, the district court should consider the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and his role as compared to that of other participants in the relevant conduct. *Id.* at 940. In the drug courier context, district courts should consider the amount of drugs, their fair market value, the amount of money paid or promised to the courier, any equity interest the courier might have in the drugs, the courier's role in planning the scheme, and the courier's role in distribution. *Id.* at 945. However, in the final analysis, the decision of whether a drug courier qualifies for a minor-role reduction "falls within the sound discretion of the trial court." *Id.*

Here, the district court properly applied the analytical framework set out in *De Varon*. The district court relied on the amount of drugs smuggled internally by Betancur-Valencia, the remuneration promised to him, and his partially successful efforts to evade apprehension as proof of a heightened complicity incompatible

2

with the minor-role reduction.  The district court did not clearly err by rejecting a minor-role reduction.  Accordingly, we affirm Betancur-Valencia's sentence.

**AFFIRMED**.